IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA RANKINS, | ) | FILED: SEPTEMBER 3, 2008 |
| | ) | 08CV5029 |
| Plaintiff, | ) | JUDGE MAROVICH |
| | ) | MAGISTRATE JUDGE DENLOW |
| | ) Case No. | |
| HARRIS N.A., and HARRIS | ) | |
| BANKCORP, INC., | ) | PH |
| | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES THE PLAINTIFF, Angela Rankins, by her attorneys, and hereby complains against defendant Harris Bank, NA and its Holding Company Harris Bankcorp, Inc. as follows:

**I.   INTRODUCTION**

1.   Angela Rankins, one of the only African-American employees at the Buffalo Grove branch of Harris Bank, was disciplined and effectively discharged from her employment for using the word "bullshit" during a staff meeting where employees were voicing their displeasure about a new product. Ms. Rankins had no prior disciplinary history and had never used any profanity on the job in the past.  In contrast, numerous non-Black employees had repeatedly used profanity on the job in front of other employees, including Ms. Rankins' unit manager who led off a staff meeting telling the employees they could kiss his butt.  Ms. Rankins was the only employee ever disciplined for this type of conduct.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 after the EEOC found reasonable cause to believe Ms. Rankins was discriminated against because of her race and then retaliated against after she complained of the discriminatory action.

1

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper within the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to the claim occurred in the District.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. The Plaintiff filed a timely Charge of Discrimination with the EEOC on March 30, 2006. On June 13, 2008, the EEOC issued a Right to Sue Letter after having found reasonable cause to believe that violations of Title VII had taken place. This action is filed within ninety (90) days of the receipt of the Right to Sue Letter.

## IV.   PARTIES

4. Plaintiff Angela Rankins is a 46-year-old African-American citizen of the United State who resides in Chicago, Illinois, County of Cook.

5. Defendant Harris N.A. is a chartered Bank regulated by the Office of the Comptroller of the Currency with its principle place of business at 111 W. Monroe, Chicago, Illinois. Defendant Harris Bankcorp, Inc. is a Delaware Corporation doing business in Illinois and is the Bank Holding Company for Harris N.A., including its Buffalo Grove branch. Defendants are joint employers within the meaning of Title VII of the Civil Rights Act and will be referred to herein collectively as "defendants." Defendants have at least fifteen (15) employees and are engaged in an industry affecting interstate commerce under Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e.

V.     STATEMENT OF FACTS

<u>Discriminatory Treatment</u>

6.     Plaintiff was employed by defendant as a part-time Sales Consultant III (also known as an "Account Manager") from October 6, 2003 until her effective termination on February 11, 2006.  Plaintiff was responsible for calling existing bank customers for the purpose of describing and encouraging them to consider other products and services such as mortgages, home equity loans, certificates of deposit, ATM services and on-line banking services.  Plaintiff was paid an hourly rate and commissions. The ability to earn commissions was a material part of the plaintiff's compensation package.

7.     On or about February 11, 2006, the plaintiff was given a Corrective Action Form by the defendant notifying her that she was being placed on "Immediate Probation."  The effect of Immediate Probation is to require the employee to forfeit her commissions for a six month period while performing the same work.

8.     Prior to being notified that she would be on Immediate Probation, Plaintiff had received no documented counseling session, no written warnings and no prior probation as required by defendant's Corrective Action Guidelines.

9.     Plaintiff was placed on Immediate Probation for using the word "bullshit" during a staff meeting where employees were voicing their displeasure about a new product.

10.    In contrast to the plaintiff's treatment, numerous non-Black employees had repeatedly used profanity on the job in front of other employees, including Ms. Rankins' unit manager who led off a staff meeting telling the employees they could kiss his butt.

Unlawful Retaliation

11.     Plaintiff used the word "bullshit" during a staff meeting on February 1, 2006.  On February 3, 2006, plaintiff was informed by Respondent that she would be disciplined for her use of profanity. That day, the plaintiff complained to respondent's Human Resources (HR) Department that other non-Black employees had used profanity on the job and had not been disciplined.

12.     In retaliation for the plaintiff having opposed an unlawful employment practice, on February 7, 2006, the plaintiff was presented with a critical performance review (referred to as a Performance Planning and Review Summary (PPR))   While rating Rankins "Successfully Meets Expectations", the PPR criticized her for having "a tendency to bring things down on accession" and having had "issues with authority and change."

13.     On February 11, 2006, plaintiff was presented with her Corrective Action Form. The severity of the discipline was in retaliation for Rankins' opposition to a discriminatory employment practice.

14.     The above actions were taken against the plaintiff because of her race and in addition or alternatively, because of her complaints of race discrimination with regard to the disciplinary action.

Damages

15.     As a result of the above actions, plaintiff became severely emotionally upset and unable to work. Plaintiff was placed on medical leave from February 14, 2006 through June 30, 2006.

16. Subsequent to February 11, 2006, Defendant changed plaintiff's six month commission forfeiture to a three month commission forfeiture. Plaintiff's employment was terminated by defendant during her medical leave period. When she was released by her physicians to return to work, her position was no longer available to her.

17. As a result of the defendant's actions described above, plaintiff has suffered substantial economic loss, including lost wages and benefits.

18. As a result of the defendant's actions described above, plaintiff has suffered severe emotional injury damages.

19. The actions of the defendant were willful and malicious and/or taken with reckless disregard for the rights of the plaintiff.

## FIRST CLAIM FOR RELIEF

20. The actions of the defendant discriminated against the plaintiff on the basis of her race and constitute an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

## SECOND CLAIM FOR RELIEF

21. The actions of the defendant constitute unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

WHEREFORE, the plaintiff respectfully requests as follows:

    A. That this matter be tried to a jury.

    B. That plaintiff be awarded injunctive relief, reinstating her to the position she would have been but for the discriminatory acts with full back pay, benefits and seniority.

    C. That plaintiff be awarded compensatory damages.

    D.  That plaintiff be awarded punitive damages.

    E.  That plaintiff be awarded her reasonable costs and attorneys' fees.

    F.  That plaintiff be granted such other relief as this Court sees fit.

Respectfully submitted,

**/s Jeffrey L. Taren**

Attorney for Plaintiff
Kinoy, Taren & Geraghty P.C.
224 S. Michigan Ave.
Suite 300
Chicago, IL 60604
Tel: (312) 663-5210
Fax: (312) 663-6663
Email: ktgtaren@aol.com
Bar I.D. # 2796821